IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN STEVEN CORVEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 2:19cv550-MHT |
| ) | [WO] |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

John Steven Corvey ("Corvey"), a federal inmate at the Maxwell Federal Prison Camp, filed this *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 on July 30, 2019.[1] Doc. # 1. Corvey challenges the validity of his 2017 conviction and sentence entered by the United States District Court for the Southern District of Florida for conspiracy to import cocaine in violation of federal criminal law.[2] He claims that the "charges [brought against him] are Constitutionally deficient and abrogate his Constitutional rights to Due Process" because he was deprived of "his rights to know

---

[1] Corvey's petition was date-stamped received by this court on August 1, 2019. Corvey represents that he submitted the petition on July 30, 2019. Applying the prison mailbox rule, and no evidence to the contrary, the court deems the petition to be filed on July 30, 2019. *See Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

[2] Although Corvey identifies his conspiracy conviction as one imposed for a violation of 21 U.S.C. § 846, a review of the docket maintained by the United States District Court for the Southern District of Florida with respect to the criminal case referenced by Corvey, 9:17-CR-80105-WPD-1, establishes that the court dismissed the count (Count 2) charging a violation of this code section and only imposed conviction upon Corvey for a violation of 21 U.S.C. § 963 as charged in Count 1 of the indictment. Based on the foregoing, the court finds that it is this conviction challenged in the instant petition. Corvey was sentenced to 54 months in prison.

exactly what he supposedly did, and when he did it[.]" Doc. # 1 at 2. He further claims that "the United States[ ] failed to Charge Petitioner CORVEY with a federal offense," thereby depriving the trial court of subject matter jurisdiction. *Id*. Next, Corvey claims that "[t]he United States failed to allege or prove any 'injury' to the United States, by way of Petitioner CORVEY'S alleged conduct. As such the [trial] court failed to satisfy its Mandatory Jurisdictional check, under Article III. [Thus,] Federal Judicial Authority does not exist over the 'case' in question." *Id.* at 2–3. Corvey maintains that his incarceration is unlawful because it is based on an unconstitutional conviction, and he seeks "his immediate release" from prison. *Id.* at 3–4.

For the reasons that follow, the undersigned concludes that this case should be transferred to the United States District Court for the Southern District of Florida, the court that entered Corvey's conviction and sentence.

## II. DISCUSSION

Federal courts have "an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990). Although this action is brought as a habeas petition under 28 U.S.C. § 2241, the court must consider whether this action is properly styled as such, or if it is more appropriately considered as a motion to vacate under 28 U.S.C. § 2255.

Section 2241 provides an avenue for challenges to matters such as the administration of parole, prison disciplinary actions, prison transfers, and certain types of detention. *See, e.g., Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351–52 (11th

Cir. 2008) (petition challenging decision of federal Parole Commission is properly brought under § 2241); *Bishop v. Reno,* 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons' administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence, and thus is a matter for habeas corpus). For purposes of venue, petitions properly filed under § 2241 must be brought in the district in which the petitioner is incarcerated. *Rumsfeld v. Padilla*, 542 U.S. 426, 442–43 (2004).

> In contrast, 28 U.S.C. § 2255(a) states:
>
> A prisoner in custody under sentence of a court established by an Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence* to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a) (emphasis added). For actions properly considered under § 2255, venue and jurisdiction lie only in the district of conviction. 28 U.S.C. § 2255(a).

Corvey's self-described § 2241 habeas petition challenges the validity of his conviction and sentence. Generally, a federal prisoner must bring any collateral attack on the legality of his conviction or sentence through a motion to vacate under § 2255 rather than a petition for writ of habeas corpus under § 2241. *See McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc*., 851 F.3d 1076, 1081 (11th Cir. 2017); *Venta v. Warden, FCC Coleman-Low*, 2017 WL 4280936, at *1 (11th Cir. 2017). A petitioner challenging the legality of his federal detention may do so under § 2241 *only* if he shows that § 2255 would be an "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C.

§ 2255(e) (the so called "saving clause"); *see also Johnson v. Warden*, 737 F. App'x 989, 990–91 (11th Cir. 2018).

Corvey's claims challenging his conviction and sentence fall squarely within the realm of injuries that § 2255 addresses. When a federal prisoner brings "a traditional claim attacking his [conviction or] sentence that he could have brought in a [§ 2255] motion to vacate, the remedy by [such] motion is adequate and effective to test the legality of his detention. . . . Allowing a prisoner with a claim that is cognizable in a [§ 2255] motion to vacate to access [§ 2241] nullifies the procedural hurdles of section 2255 and undermines the venue provisions." *McCarthan*, 851 F.3d at 1090. Thus, regardless of the label Corvey has placed on his pleadings, his petition challenging his conviction and sentence must be construed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.[3]

Section 2255 remains Corvey's exclusive remedy to bring his challenge to his conviction and sentence. Because he challenges a judgment entered in the United States District Court for the Southern District of Florida, any jurisdiction to consider his § 2255 motion lies only with the court for the Southern District of Florida. *See* 28 U.S.C. § 2255(a). This court, which sits in the Middle District of Alabama, lacks jurisdiction to consider a

---

[3] In an order entered on August 2, 2019 (Doc. # 2), this court informed Corvey that the claims in his self-styled habeas petition were properly presented in a 28 U.S.C. § 2255 motion. In accordance with *Castro v. United States*, 540 U.S. 375 (2003), the court notified Corvey of its intention to treat his petition as a § 2255 motion, which would be subject to any procedural limitations for § 2255 motions, and directed him to advise the court whether he wished to proceed on his claims under § 2255, to amend his construed § 2255 motion to assert additional claims under § 2255, or to withdraw his construed § 2255 motion. This court's "Castro Order" also advised Corvey that if he failed to file a response in compliance with the order's directives, the case would proceed as an action under 28 U.S.C. § 2255, with the court considering only those claims in the construed § 2255 motion. Corvey failed to file a response complying with the Castro Order's directives, but instead filed additional pleadings in which he continued to insist he was entitled to pursue this action in this court under § 2241. *See* Docs. # 3, 5 & 7.

§ 2255 motion challenging a conviction entered by the court for the Southern District of Florida.

Under 28 U.S.C. § 1631, a court that finds it lacks jurisdiction to entertain a civil action may, if it is in the interest of justice, transfer such action to any other court in which the action could have been brought when it was filed. Because Corvey is proceeding *pro se*, this court finds it is in the interest of justice that this case be transferred to the United States District Court for the Southern District of Florida.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

(1) this case be TRANSFERRED to the United States District Court for the Southern District of Florida under 28 U.S.C. § 1631; and

(2) Corvey's motion for summary judgment (Doc. # 7) be DENIED.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before November 12, 2019. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error

or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 28th day of October, 2019.

                    /s/ Charles S. Coody
                CHARLES S. COODY
                UNITED STATES MAGISTRATE JUDGE